IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PATRICK FEAVEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIV 09-00060 PHX SRB MEA |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| JOSEPH M. ARPAIO, ) | FOR DISMISSAL WITHOUT PREJUDICE |
| ) | |
| Defendant. ) | |

**TO THE HONORABLE SUSAN R. BOLTON:**

Plaintiff filed his complaint on January 8, 2009, while incarcerated at the Lower Buckeye Jail. On February 10, 2009, the Court ordered Plaintiff to complete and return a service packet for Defendant to the Court by March 2, 2009. That order warned Plaintiff that his failure to timely comply with the provisions of the order would result in the dismissal of the complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure. The civil docket in this matter indicates that Plaintiff has failed to return a service packet for Defendant to the Court. The docket indicates that the Court's order of February 10, 2009, was returned to the Court on February 13, 2009, as undeliverable.

Rule 3.4, Local Rules of Civil Procedure for the United States District Court for the District of Arizona requires prisoner-litigants to comply with instructions attached to the Court-approved complaint form for use in section 1983 actions. Those instructions provide: "You must immediately notify the clerk ... in writing of any change in your mailing address. Failure to notify the court of any change in your mailing address may result in the dismissal of your case."

Plaintiff has a general duty to prosecute this case. Fidelity Phila. Trust Co. v. Pioche Mines Consol., Inc., 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure

1  appears to require a motion from a party.  Moreover, in
2  appropriate circumstances, the Court may dismiss a complaint for
3  failure to prosecute even without notice or hearing.  Id. at
4  633.
5          In determining whether Plaintiff's failure to
6  prosecute warrants dismissal of the case, the Court must weigh
7  the following five factors: "(1) the public's interest in
8  expeditious resolution of litigation; (2) the court's need to
9  manage its docket; (3) the risk of prejudice to the defendants;
10 (4) the public policy favoring disposition of cases on their
11 merits; and (5) the availability of less drastic sanctions."
12 Carey, 856 F.2d at 1440 (quoting Henderson v. Duncan, 779 F.2d
13 1421, 1423 (9th Cir. 1986)).  "The first two of these factors
14 favor the imposition of sanctions in most cases, while the
15 fourth factor cuts against a default or dismissal sanction.
16 Thus the key factors are prejudice and availability of lesser
17 sanctions."  Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir.
18 1990).
19         Here, the first, second, and third factors favor
20 dismissal of this case.  Plaintiff's failure to keep the Court
21 informed of his address prevents the case from proceeding in the
22 foreseeable future.  The fourth factor, as always, weighs
23 against dismissal.  The fifth factor requires the Court to
24 consider whether a less drastic alternative is available.
25 Without Plaintiff's current address, however, certain
26 alternatives are bound to be futile.  Here, as in Carey, "[a]n
27 order to show cause why dismissal is not warranted or an order
28 imposing sanctions would only find itself taking a round trip

tour through the United States mail." 856 F.2d at 1441.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE RECOMMENDED** that, pursuant to Rule 41(b), Federal Rules of Civil Procedure, this action be dismissed without prejudice.

DATED this 13th day of April, 2009.

_____
Mark E. Aspey
United States Magistrate Judge